Filed 8/14/25  Maqueda v. Kia Motors America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| HOMAR MAQUEDA et al., | D083298 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2019-00070127-CU-BC-CTL) |
| KIA MOTORS AMERICA, INC., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Reversed and remanded.

Bowman and Brooke, Brian Takahashi, Richard L. Stuhlbarg, and Amanda Heitz for Defendant and Appellant.

Knight Law Group, Steve Mikhov, Amy-Lyn Morse, and Roger Kirnos; Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, and Kent W. Toland for Plaintiffs and Respondents.

This case involves an offer to compromise under Code of Civil Procedure section 998 that contained two separate, independent offers.  After Plaintiffs Homar Maqueda and Gustavo Lopez prevailed at trial against Kia Motors America, Inc., Kia sought to curb Plaintiffs' recovery of attorney fees

and costs and recover its own costs because the jury's award of $16,470.66 plus a $1 penalty fell short of the lump-sum option of $25,000 in Kia's section 998 offer. The court, however, deemed the entire section 998 offer invalid because the statutory option Kia offered at the same time as the lump-sum option was insufficiently specific.

We conclude, as we did in *Zavala v. Hyundai Motor America* (2024) 107 Cal.App.5th 458, 463, review granted March 19, 2025, S289000, that section 998 offers may include simultaneous, independent options for the offeree to select from. As a result, here the court should have separately considered the validity of Kia's lump-sum option even if the statutory option were invalid. Accordingly, we reverse the court's orders ruling on Plaintiffs' motion for attorney fees and the parties' competing motions to strike or tax costs and remand for further proceedings consistent with this opinion.

## I.

Shortly after Plaintiffs sued Kia for allegedly violating its warranty obligations for their car, Kia extended an offer to compromise under section 998. As relevant here, the section 998 offer contained two separate, independent offers that permitted Plaintiffs to select either (1) a lump-sum option of $25,000 or (2) a statutory option to recover certain categories of expenses and damages permitted under the Civil Code "subject to proof," with the court to resolve disputed amounts. Plaintiffs could choose to accept one option only, not both.

Plaintiffs did not accept either option. Instead, they litigated the case for three more years, only for the jury to award them a total of $16,471.66.

After trial, the court ruled Kia's section 998 offer was invalid because the statutory option was "unclear." As a result, it granted Plaintiffs' motion

2

to strike Kia's costs and awarded Plaintiffs just over $200,000 in attorney fees, costs, and expenses.

## II.

Kia contends *Zavala*'s "bright-line approach" permitting section 998 offers containing simultaneous options and requiring the trial court to separately consider the validity of each option "is on point" here and requires reversal. (Bolding omitted.) Plaintiffs argue we should "part company" with *Zavala* despite the similar facts because, in their view, "section 998 does not allow multi-option offers." (Bolding omitted.) Kia has the better argument.

## A.

Section 998's "clear purpose" is "to encourage settlement of lawsuits prior to trial." (*T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280.) It achieves that aim by establishing "a procedure for shifting the costs upon a party's refusal to settle." (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 798.) "If the party who prevailed at trial obtained a judgment less favorable than a pretrial settlement offer submitted by the other party, then the prevailing party may not recover its own postoffer costs and, moreover, must pay its opponent's postoffer costs." (*Ibid.*) But an invalid section 998 offer "will not operate to cut off a plaintiff's costs." (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 852.)

To be valid, a section 998 offer "must be clear and specific, both from the perspective of the offeree and the perspective of the trial court." (*Zavala*, 107 Cal.App.5th at p. 468 [cleaned up].) It must also be reasonable and made in good faith. (*Id.* at p. 467, fn. 7.)

"We independently review whether a section 998 settlement offer was valid." (*Ignacio v. Caracciolo* (2016) 2 Cal.App.5th 81, 86.) We review de

3

novo questions of statutory interpretation. (*Madrigal v. Hyundai Motor America* (2025) 17 Cal.5th 592, 602.)

B.

The crux of this appeal is whether section 998 allows simultaneous offers. We recently concluded it does.[1] (*Zavala*, 107 Cal.App.5th at p. 476.) Section 998 "says nothing about a prohibition on multiple simultaneous offers," and general contract law principles permit an offer to contain alternative choices from which the offeree can select. (*Ibid.*) "When faced with two simultaneous offers, a trial court can simply look at each offer *separately* to determine whether *either* of them exceeded the amount of the verdict." (*Id.* at pp. 477-478.) This approach "is consistent with the purpose of section 998" because "it will encourage parties to put all possible approaches to settlement on the table *early* in the litigation." (*Id.* at p. 478.)

Plaintiffs' arguments to the contrary are unpersuasive.

First, Plaintiffs contend the "plain language" of section 998 bars simultaneous offers because it uses the singular term "offer." Yet no significance attaches to that singular term because a singular word in the Code of Civil Procedure expressly "includes the plural." (§ 17(a).)

Second, Plaintiffs argue simultaneous offers "undercut the offeree's statutory time period" to consider a section 998 offer. A section 998 offer is deemed withdrawn if not accepted before "trial or arbitration or within 30 days after it is made, whichever occurs first." (§ 998(b)(2).) At a minimum, an offeree will have 10 days to consider the offer, as a section 998

---

[1] We acknowledge *Gorobets v. Jaguar Land Rover North America, LLC* (2024) 105 Cal.App.5th 913, 920, review granted January 15, 2025, S287946, came out the other way in holding that simultaneous section 998 offers render both options invalid. For the reasons outlined in *Zavala*, we respectfully disagree. (See *Zavala*, 107 Cal.App.5th at pp. 477-479.)

offer cannot be made fewer than 10 days before trial or arbitration. (§ 998(b).) Plaintiffs complain it is "not fair" for an offeree to have to evaluate multiple offers during that time, and it "creates all kinds of opportunities for gamesmanship" by offerors who seek only to distract their opponent from preparing for trial. But "[i]f a situation ever arises in which a party makes multiple simultaneous offers for the principal purpose of overwhelming an opponent or in an effort at gamesmanship, rather than in a genuine attempt to reach a settlement, that party will risk running afoul of the rule that a section 998 offer made in bad faith is not valid to shift costs." (*Zavala*, 107 Cal.App.5th at p. 479.) Though Plaintiffs protest "the harm is already done" by then, we disagree. An offeree can ignore a disingenuous set of simultaneous section 998 offers knowing that the trial court could invalidate it as either unreasonable or made in bad faith. Besides, "any downsides are outweighed by the benefit of promoting early settlement." (*Ibid.*)

Third, Plaintiffs fault simultaneous offers for "creat[ing] enormous complexity on the front end as well as [on] the back end." Even if we were to agree with that premise, Plaintiffs cite no authority that precludes complex section 998 offers. They cite only to *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1021, and its observation that "court have adopted bright-line rules . . . to avoid confusion." "Requiring a court to *separately* evaluate the validity of alternative settlement offers made in the same settlement communication is a useful bright-line rule" that reduces confusion by guiding trial courts on how to assess simultaneous section 998 offers. (*Zavala*, 107 Cal.App.5th at p. 478.) As we explained in *Zavala*, a trial court can cut through potential complexity by examining each offer separately to determine if any exceeded the amount of the verdict. (*Id.* at pp. 477-478.)

Fourth, Plaintiffs contend simultaneous section 998 offers conflict with a "line of cases" holding the last offer controls when presented with successive section 998 offers. But as Plaintiffs note, those cases involved successive—not simultaneous—offers. Because "cases are not authority for propositions not considered," those cases and the last-offer rule have no bearing here. (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1160 [cleaned up].)

Fifth, we disagree with Plaintiffs that applying the general contract principle that allows an offer to contain multiple options conflicts with or defeats section 998's purpose. Because "section 998 involves the process of settlement and compromise and [because] this process is a contractual one, it is appropriate for contract law principles to govern the offer and acceptance process under section 998." (*T. M. Cobb*, 36 Cal.3d at p. 280.) As our Supreme Court has explained, "[t]he more offers that are made, the more likely the chance for settlement." (*Id.* at p. 281.) Permitting simultaneous section 998 offers encourages parties to make more offers earlier, thus advancing section 998's main purpose. (*Zavala*, 107 Cal.App.5th at p. 478.)

Sixth, Plaintiffs assert Kia's offer here is "functionally indistinguishable" from the one we invalidated in *Duff v. Jaguar Land Rover North America, LLC* (2022) 74 Cal.App.5th 491. Yet Plaintiffs' "reliance on *Duff* is not persuasive because the settlement communication in *Duff* contained only a *single* offer, not separate simultaneous offers" like we have here. (*Zavala*, 107 Cal.App.5th at p. 476.)

Seventh, Plaintiffs argue a court cannot sever an invalid term to "rescue" a section 998 offer. But as Kia points out, the cases on which Plaintiffs rely involved a single offer containing an invalid term. For example, one case invalidated a section 998 offer because an "imponderable"

6

term made the offer "impractical if not impossible to accurately and fairly evaluate." (*Valentino v. Elliott Sav-On Gas, Inc.* (1988) 201 Cal.App.3d 692, 699-701.) Such cases are inapposite here, however, because *Zavala* tasks trial courts with assessing the validity of each option separately; it does not involve severing any invalid term in a single option. (*Zavala,* 107 Cal.App.5th at pp. 477-478.)

In sum, Plaintiffs have not persuaded us to deviate from *Zavala*'s holding that section 998 permits simultaneous offers. (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)

C.

Having confirmed section 998 permits simultaneous offers, we turn back to Kia's offer here. Plaintiffs assert Kia's offer suffers from "uncertainty" by viewing the two simultaneous options *together*, not separately as *Zavala* requires. When viewed separately, however, the $25,000 lump-sum option is sufficiently specific both for Plaintiffs to meaningfully evaluate it when they received the offer and for the trial court to compare the lump-sum option against the judgment obtained at trial. As a result, the lump-sum option is valid to trigger cost-shifting under section 998. And because the $25,000 lump-sum option is greater than Plaintiffs' trial verdict totaling $16,471.66, that option alone warrants reversal and makes it unnecessary for us to decide the validity of the statutory option.

Because Plaintiffs failed to obtain a trial recovery more favorable than the lump-sum option, the trial court—which did not have the benefit of *Zavala*'s guidance at the time of its original ruling—should have concluded Plaintiffs were not entitled to recover their postoffer costs and were required to pay Kia's costs from the time of the offer. (§ 998(c)(1).) We therefore reverse the orders that relied on the court's conclusion that Kia's section 998

7

offer was invalid and remand for further proceedings consistent with this opinion.

## III.

We reverse the trial court's orders (1) granting in part Plaintiffs' motion for attorney fees, costs, and expenses; (2) granting Plaintiffs' motion to strike Kia's costs; and (3) granting in part Kia's motion to tax Plaintiffs' costs. We remand the matter for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.